IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHELLEY SONIAT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:17-CV-00572 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § | |
| | § | |
| CAROLYN A. MITCHELL, | § | |
| | § | |
| Defendants. | § | |

**ORDER AND OPINION**

Pending before the Court is *pro se* Plaintiff Shelley Soniat's Motion for an Attorney (Dkt. 5). For the following reasons, the Court finds Plaintiff's motion (Dkt. 5) is **DENIED**.

**I.   BACKGROUND**

Plaintiff previously filed a lawsuit in three separate actions in this district in 2014.[1] The case was referred to Magistrate Judge Don D. Bush from Judge Richard Schell (collectively, the "Judicial Defendants"). Judge Bush denied Plaintiff's request for the issuance of summons and recommended Plaintiff's case be dismissed with prejudice for failure to state a claim. *See Soniat v. Jackson*, 2014 WL 6968871, at *2, 6 (E.D. Tex. Dec. 9, 2014). Judge Schell subsequently adopted Judge Bush's report and dismissed the consolidated action. *See Soniat v. Jackson*, 2015 WL 1503650 (E.D. Tex. Mar. 31, 2015). Plaintiff appealed, but the Fifth Circuit affirmed. *See Soniat v. Jackson*, 628 F. App'x 292 (5th Cir. 2016). Plaintiff filed a petition for a writ of certiorari in the Supreme Court, but it was denied on May 16, 2016. *See Soniat v. Jackson*, 136 S. Ct. 2016, 2016 WL 900300 (May 16, 2016).

---

[1] *See Soniat v. Jackson, et al.*, No. 4:14cv77, consolidated with 4:14cv122 and 4:14cv131 (E.D. Tex.).

1

On May 20, 2016, Plaintiff filed another lawsuit in this district against the Judicial Defendants and the Department of Housing and Urban Development ("HUD").[2] She asserted the Judicial Defendants discriminated against her by not allowing her to exercise and enjoy her rights under the Fair Housing Act. Further, she asserted HUD's policy of deferring to the Judicial Defendants' discretion and refusing to respond to her previous lawsuit has a discriminatory effect on women and minorities. Specifically, Plaintiff claimed after the Judicial Defendants refused to issue summons in her previous case, she sent a personal letter to HUD, and it refused to answer her lawsuit, resulting in a discriminatory effect. On December 16, 2016, the undersigned entered two Report and Recommendations recommending Plaintiff's claims be dismissed against all of the defendants in that suit, in which the district court adopted on January 6, 2017. *See Soniat v. Dep't of Hous. & Urban Dev.*, 2017 WL 68562 (E.D. Tex. Jan. 6, 2017); *Soniat v. Dep't of Hous. & Urban Dev.*, 2017 WL 73073 (E.D. Tex. Jan. 6, 2017). That case is currently pending on appeal.

On March 6, 2017, Plaintiff filed another action against Texas Real Estate Commission, Texas Association of Realtors, and National Association of Realtors.[3] Plaintiff essentially made the same complaints as she did in her first two lawsuits in this district.[4] On April 21, 2017, the undersigned recommended Plaintiff's claims against the Texas Association and Realtors and National Association of Realtors be dismissed, in which the district court adopted on May 12, 2017. *See Soniat v. Tex. Real Estate Comm'n*, 2017 WL 2021323 (E.D. Tex. May 12, 2017). On May 15, 2017, the undersigned recommended Plaintiff's case against the Texas Real Estate Commission be dismissed, in which the district court adopted on June 5, 2017. *See Soniat v. Tex. Real Estate Comm'n*, 2017 WL 2426499 (E.D. Tex. June 5, 2017). That case is currently pending on appeal.

---

[2] *See Soniat v. Dep't of Hous. & Urban Dev.*, No. 4:16cv337 (E.D. Tex.).
[3] *See Soniat v. Tex. Real Estate Comm'n, et al.*, No. 4:17cv166 (E.D. Tex.).
[4] Plaintiff also filed a motion for appointment of an attorney in her previous case, in which the Court denied her request. *See Soniat v. Tex. Real Estate Comm'n*, 2017 WL 1337630 (E.D. Tex. Apr. 12, 2017).

On August 17, 2017, Plaintiff filed the instant action against Carolyn A. Mitchell, alleging essentially the same facts as those asserted in her previous three lawsuits (Dkt. 1). On August 29, 2017, Plaintiff filed a motion for appointment of counsel (Dkt. 5).

## II. LEGAL STANDARD

In general, there is no constitutional right to appointment of counsel in civil cases. *See Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992). Parties to an action for discrimination in housing may seek the appointment of counsel under 42 U.S.C. § 3613(b)(1). However, appointment of counsel is left to the discretion of the court. *See* 42 U.S.C. § 3613(b); *Roberts v. McKinney Hous. Auth.*, 2007 WL 1795691, at *1 (E.D. Tex. June 20, 2007).

Although little case law exists on the appointment of an attorney by a court under 42 U.S.C. § 3613(b), courts have found case law on the appointment of an attorney under 42 U.S.C. § 2000e-5(f)(1) to be instructive and persuasive. *See Soniat v. Tex. Real Estate Comm'n*, 2017 WL 1337630, at *3; *Jackson v. Park Place Condos. Ass'n, Inc.*, 2014 WL 494789, at *2 (D. Kan. Feb. 6, 2014); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1157 (D. Kan. 2001). Those courts follow factors identified by the Tenth Circuit when evaluating a motion for appointment of counsel. *See id.* (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)). Before counsel may be appointed under 42 U.S.C. § 2000e-5, the plaintiff requesting the appointment must make affirmative showings of: (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination. *See id.*

## III. ANALYSIS

Plaintiff briefly states that she is unable to afford counsel. *See* Dkt. 1. Plaintiff submitted a financial affidavit with her motion to proceed *in forma pauperis*, and the Court finds that she is financially incapable to pay for counsel. *See* Dkt. 3. Plaintiff further asserts that she was unable to

secure counsel willing to take her case *pro bono*. *See* Dkt. 5 at 5. Thus, Plaintiff has met the first and second elements. However, Plaintiff cannot show the third element.

To warrant appointment of counsel, the plaintiff must affirmatively show she asserts meritorious claims. *See Soniat v. Tex. Real Estate Comm'n*, 2017 WL 1337630, at *2 (citing *Jackson*, 2014 WL 494789, at *3). In the instant lawsuit, Plaintiff requests the Court to decide the following questions:

> (1) Did the Defendant, Attorney Mitchell, violate the laws of the Fair Housing Act by encouraging her client to fight a fair housing lawsuit instead of observing the laws of The Fair Housing Act, 42 U.S.C. 3601 et seq.?
>
> (2) Did Defendant Attorney Mitchell violate the laws of The Fair Housing Act, 42 U.S.C. 3601 et seq., by requesting sanctions against a victim of housing discrimination, for exercising her fair housing rights?

Dkt. 1 at 2. The Court notes that these questions are similar to the questions she asked in her prior lawsuits. Plaintiff complained about a potential lease she was going to enter into with her boyfriend with Major League Realty, Inc. ("Major"). *See id.* at 3. According to Plaintiff, the potential landlord refused to rekey the rental property she wanted to lease. *See id.* Plaintiff filed a suit in state court against Major, and Defendant represented Major in the state court action. *See id.* Plaintiff alleges Defendant violated the Fair Housing Act because Defendant "encouraged her client to fight the lawsuit, thus continuing her act of Retaliation against the Plaintiff." *Id.*

In *Lewis v. Am. Exploration Co.*, 4 F. Supp. 2d 673 (S.D. Tex. 1998), an individual was injured when a large oil rig hit a truck in which the individual was a passenger. *See id.* at 674. The individual and his wife sued the owner of the premises in which the accident occurred. *See id.* The defendant lied about the existence of certain discovery; thus, the plaintiffs sued the defendant and its lawyers in a separate lawsuit for fraud and conspiracy to defraud. *See id.* at 675. The court found under Texas law that "neither a party to a lawsuit nor his lawyer has a right of recovery against the opposing attorney arising from conduct engaged in as a part of that attorney's duties in representing

his client in that lawsuit." *Id.* at 676. Here, Plaintiff is merely suing Defendant for the conduct she engaged in as a part of her duties to Major; thus, the Court fails to find how Plaintiff has a right of recovery. *See generally* Dkt. 1. The Court finds Plaintiff has failed to make an affirmative showing of meritorious allegations of a violation of the Fair Housing Act against Defendant.

The Court has evaluated the substance of Plaintiff's allegations, rather than the form. In its findings herein, the Court has been mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Tassio v. Onemain Fin., Inc.*, 2016 WL 410024, *1 (E.D. Tex. Feb. 3, 2016). Indeed, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (internal citations omitted). Nonetheless, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). The Court has evaluated Plaintiff's pleadings herein accordingly. Even construing all the facts in a light most favorable to Plaintiff, the Court finds Plaintiff's motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's motion (Dkt. 5) is **DENIED.**

**SIGNED this 1st day of September, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE