IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHELLEY SONIAT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:17-CV-00572 |
| | § | JUDGE MAZZANT/JUDGE JOHNON |
| v. | § | |
| | § | |
| CAROLYN A MITCHELL, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Pending before the Court is *pro se* Plaintiff Shelley Soniat's Motion for Recusal (Dkt. 11). For the following reasons, the Court finds Plaintiff's motion (Dkt. 11) is **DENIED**.

### I. BACKGROUND

Plaintiff previously filed a lawsuit in three separate actions in this district in 2014.[1] The case was referred to Magistrate Judge Don D. Bush from Judge Richard Schell (collectively, the "Judicial Defendants"). Judge Bush denied Plaintiff's request for the issuance of summons and recommended Plaintiff's case be dismissed with prejudice for failure to state a claim. *See Soniat v. Jackson*, 2014 WL 6968871, at *2, 6 (E.D. Tex. Dec. 9, 2014). Judge Schell subsequently adopted Judge Bush's report and dismissed the consolidated action. *See Soniat v. Jackson*, 2015 WL 1503650 (E.D. Tex. Mar. 31, 2015). Plaintiff appealed, but the Fifth Circuit affirmed. *See Soniat v. Jackson*, 628 F. App'x 292 (5th Cir. 2016). Plaintiff filed a petition for a writ of certiorari in the Supreme Court, but it was denied on May 16, 2016. *See Soniat v. Jackson*, 136 S. Ct. 2016, 2016 WL 900300 (May 16, 2016).

---

[1] *See Soniat v. Jackson, et al.*, No. 4:14cv77, consolidated with 4:14cv122 and 4:14cv131 (E.D. Tex.).

1

On May 20, 2016, Plaintiff filed another lawsuit in this district against the Judicial Defendants and the Department of Housing and Urban Development ("HUD").[2] She asserted the Judicial Defendants discriminated against her by not allowing her to exercise and enjoy her rights under the Fair Housing Act. Further, she asserted HUD's policy of deferring to the Judicial Defendants' discretion and refusing to respond to her previous lawsuit has a discriminatory effect on women and minorities. Specifically, Plaintiff claimed after the Judicial Defendants refused to issue summons in her previous case, she sent a personal letter to HUD, and it refused to answer her lawsuit, resulting in a discriminatory effect. On December 16, 2016, the undersigned entered two Report and Recommendations recommending Plaintiff's claims be dismissed against all of the defendants in that suit, in which the district court adopted on January 6, 2017. *See Soniat v. Dep't of Hous. & Urban Dev.*, 2017 WL 68562 (E.D. Tex. Jan. 6, 2017); *Soniat v. Dep't of Hous. & Urban Dev.*, 2017 WL 73073 (E.D. Tex. Jan. 6, 2017). That case is currently pending on appeal.

On March 6, 2017, Plaintiff filed another action against Texas Real Estate Commission, Texas Association of Realtors, and National Association of Realtors.[3] Plaintiff essentially made the same complaints as she did in her first two lawsuits in this district.[4] On April 21, 2017, the undersigned recommended Plaintiff's claims against the Texas Association and Realtors and National Association of Realtors be dismissed, in which the district court adopted on May 12, 2017. *See Soniat v. Tex. Real Estate Comm'n*, 2017 WL 2021323 (E.D. Tex. May 12, 2017). On May 15, 2017, the undersigned recommended Plaintiff's case against the Texas Real Estate Commission be dismissed, in which the district court adopted on June 5, 2017. *See Soniat v. Tex.*

---

[2] *See Soniat v. Dep't of Hous. & Urban Dev.*, No. 4:16cv337 (E.D. Tex.).
[3] *See Soniat v. Tex. Real Estate Comm'n, et al.*, No. 4:17cv166 (E.D. Tex.).
[4] Plaintiff also filed a motion for appointment of an attorney in her previous case, in which the Court denied her request. *See Soniat v. Tex. Real Estate Comm'n*, 2017 WL 1337630 (E.D. Tex. Apr. 12, 2017).

*Real Estate Comm'n*, 2017 WL 2426499 (E.D. Tex. June 5, 2017). That case is currently pending on appeal.

On August 17, 2017, Plaintiff filed the instant action against Carolyn A. Mitchell, alleging essentially the same facts as those asserted in her previous three lawsuits (Dkt. 1). On September 19, 2017, Plaintiff filed a motion requesting the undersigned and District Judge Amos Mazzant recuse themselves from this case (Dkt. 11).

## II.     LEGAL STANDARD

The Code of Judicial Conduct says a "judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. . . ." Code of Judicial Conduct, Canon 2.11. Congress codified almost identical language in 28 U.S.C. § 455(a): "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of Section 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988). Indeed, the Fifth Circuit further explained the statute's purpose:

> Judicial ethics reinforced by statute exact more than virtuous behavior; they command impeccable appearance. Purity of heart is not enough. Judge's robes must be as spotless as their actual conduct. These expectations extend to those who make up the contemporary judicial family, the judge's law clerks and secretaries.

*Hall v. Small Bus. Admin.*, 695 F.2d 175, 176 (5th Cir. 1983). However, both the legislative history of Section 455(a) and the Fifth Circuit admonish district courts faced with recusal motions to "be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 n.18 (5th Cir. 1980) (quoting the legislative history to Section 455(a));

*Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (noting Section 455(a) did not intend to give "litigants a veto power over sitting judges").

The standard under 28 U.S.C. § 455(a) is objective: "Would the allegedly disqualifying factor cause a *reasonable* person to question the *judge's* impartiality?" *Thurmond v. Compaq Computer Corp.*, 2000 WL 33795081, at *2 (Feb. 28, 2000) (citing *Liteky v. United States*, 510 U.S. 540, 548, 553 n.2 (1994); *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224–26 (5th Cir. 1988); *Hall*, 695 F.2d at 179).

### III.  ANALYSIS

Plaintiff states that her request for recusal "is in response to Document 7, the denial of Plaintiff's Motion for the Appointment of an Attorney." *See* Dkt. 11 at 1. Plaintiff explains the history of her three prior lawsuits in the district in her own words, citing to various cases and statutes she believes are applicable to her case. Plaintiff then argues that she believes the undersigned and Judge Mazzant denied her an attorney and services due to "Judicial 'Ingroup' Bias." *See id.* at 8. Plaintiff vaguely contends that the undersigned and Judge Mazzant denied her services because of their judicial bias towards Judge Bush and Judge Schell in her prior lawsuits. *See id.* at 15.

The Court finds Plaintiff's arguments for recusal are without merit. Plaintiff's mere disagreement with rulings made on motions in her prior lawsuits are not sufficient to show bias or prejudice justifying recusal. *See Liteky*, 510 U.S. at 555. Additionally, opinions formed by a judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion. *See id.* Plaintiff has failed to identify a disqualifying factor that would cause a reasonable person to question the undersigned or Judge Mazzant's impartiality; thus, Plaintiff's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the motion (Dkt. 11) is **DENIED**.

**It is SO ORDERED**.

**SIGNED this 20th day of September, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE